UNITED STATES OF AMERICA, Appellant, v. REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1115. Submitted December 18, 1942.—Decided January 15, 1943.

*Walter L. Newsom, Jr., Special Assistant to the Attorney General,* for appellant. *Antonio Riera, Special Prosecuting Attorney, for* respondent.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The note of the registrar of property from which this appeal is taken reads as follows:

"In view of the declaration of heirship of don Eladio Burgos, record of the foregoing letter of payment is denied and note of the refusal is accordingly entered . . . on the following grounds: the corresponding receipt of the inheritance tax is not attached, it being indispensable pursuant to §12 of Act No. 20 of 1933 relating to inheritance tax, and §2 of said Act, as amended by Act No. 72 of 1936; the provisions of Act No. 82 of 1937 having no application to the instant case inasmuch as the letter of payment was neither necessary nor complementary to obtain the sale, but only a document which extinguishes the credit acknowledged by the United States of America in favor of the vendor Eladio Burgos, and which upon the death of the latter, was paid to the heirs directly, who received it as part of the inheritance, when the sale was already consummated in favor of the United States of America."

The question to be decided is, therefore, whether or not this case is included within the terms of Act No. 82 of 1937, p. 214, which permits the registration of properties in favor of the Puerto Rico Reconstruction Administration without crediting the previous payment of the inheritance tax and to

free the said properties from the lien for said tax and.for other purposes.

██ The rule is that no registrar shall record any instrument or judicial decision, ruling or judicial warrant, in connection with the partition, distribution, or delivery of such property, unless receipt of the payment of the inheritance tax is presented as providd by statute for such cases. Act No. 20 of 1933 (Laws of 1932–33, pp. 232 and 234). And the exception that—

"In all cases in which a rehabilitation agreement has been entered into with the Puerto Rico Reconstruction Administration, by virtue of which the whole or a part of a rural property subject to an inheritance tax is to be sold to said Federal Agency, the judicial proceedings may be carried out and the public instruments necessary for the making of said sale may be executed, and the title so acquired by the Puerto Rico Reconstruction Administration shall be registered in the registry of property, together with its complementary documents, without previously crediting the payment of said tax; *Provided,* That the real property sold in this manner to the Puerto Rico Reconstruction Administration shall be free from the lien for the said tax from the date of the sale, the obligation falling on the remainder of the inheritance." Act No. 82, 1937 (Laws of 1936–37), p. 214.

Such are the applicable laws. Let us see the attendant circumstances.

On June 19, 1937, Eladio Burgos and his wife Ezequiela González sold a parcel of land of 15 acres (*cuerdas*) situated in the ward of Cacao within the Municipality of Orocovis, for $156.60 which was to be paid to United States of America, its successors or assignees, through the Puerto Rico Reconstruction Administration, an entity of the Government of the United States of America organized by virtue of executive order No. 7057 of May 28, 1935, proclaimed by the President of the United States of America pursuant to the Emergency Relief Appropriation Act, when the United States of America its successors and assignees should acquire title of

ownership over the same, free of encumbrance, lien, defect, mention or reserve of any nature, satisfactory to the Attorney General of the United States of America or General Legal Adviser of the Puerto Rico Reconstruction Administration. The public deed containing the contract was recorded in the Registry of Property of Ponce on August 11, 1937.

The lot sold was segregated from a larger property which was subject to several liens and while the same were being canceled, the vendor, Eladio Burgos, died. Thereupon recourse was had to a competent court seeking and obtaining the declaration of heirship.

On August 26, 1942, when everything had been accomplished, the vendors—Eladio Burgos being replaced by his heirs—appeared before a notary and executed the deed of the letter of payment which the registrar refused to record.

In our opinion, the facts and the attendant circumstances place the case within the exception.

Although it is true that the sale was perfected before the death of the vendor, Eladio Burgos, it is just as true that the payment of the price therefor was postponed and was not paid until after the vendor's death. The purchaser was bound to pay the price and said payment did not constitute an act extraneous to the original transaction, but a complement thereto. And what appears from the deed of the letter of payment and what was sought to be recorded in the registry, was that the payment was made in accordance with the terms of the contract in order that it should appear from the registry itself that said contract had been duly consummated. In our opinion there is involved herein the record of one of the complementary documents provided by Act No. 82 of 1937, p. 214.

The fact that the proceeds were received by the heirs of the vendor and not by the latter does not put the case out-

side the scope of the law. Even if the heirs themselves had sold the parcel of land acquired by them through inheritance, they would have had no need to credit the previous payment of the tax in order to have the document recorded. The purpose of the law was to clear the whole field of this kind of transactions in order to enable the federal agency to acquire satisfactory titles without any difficulty. And to deny now the record of a document which is needed to perfect the basic record of the sale would be to violate the legislative intent.

The decision appealed from should be reversed and the record sought ordered.